UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEFFUS LEFTENANT,

      Petitioner,    MEMORANDUM & ORDER
               07-CV-3696(JS)(ARL)
 -against-

JOSEPH T. SMITH, SUPERINTENDANT,

      Respondent.
----------------------------------X
APPEARANCES:
Petitioner:    Jeffus Leftenant, pro se
        00-A-0476
        Shawagunk Correctional Facility
        P.O. Box 700
        Wallkill, NY 12589

For Respondent:  Glenn D. Green, Esq.
        Guy Arcidiacono, Esq.
        Suffolk County District Attorney's Office
        Criminal Courts Building
        200 Center Drive
        Riverhead, NY 11901

SEYBERT, District Judge:

   On January 6, 2011, Magistrate Judge Arlene R. Lindsay recommended that Petitioner Jeffus Leftenant's application for a writ of habeas corpus be denied. See Docket Entry 18. The Court has subsequently received an objection from Petitioner dated March 16, 2011. See Docket Entry 22. After a de novo review of the January 6, 2011 Report and Recommendation ("R&R") and of Petitioner's objections,

   It is hereby ORDERED that:

   Judge Lindsay's exemplary Report and Recommendation is ADOPTED IN ITS ENTIRETY. Petitioner's first objection--that Judge Lindsay misapplied Crawford v. Washington, 541 U.S. 26 (2004)--is

without merit for the simple reason that, as Judge Lindsay observed, <u>Crawford</u> applies only where out-of-court testimonial statements <u>offered for the truth of the matter asserted</u> are admitted when the defendant has had no opportunity for cross-examination. <u>See</u>, <u>e.g.</u>, <u>United States v. Carter</u>, 2009 U.S. App. LEXIS 6184 *9-10 (2d Cir. Mar. 25, 2009). It is plain from the excerpts of the trial transcript relied on by Judge Lindsay, however, that the testimony referred to by Petitioner was not elicited to establish its truth. <u>See</u> Tr. at 1258-61, 1283, 1289-90. In any case, Judge Lindsay rightly concluded that even if the inclusion of this testimony ran afoul of <u>Crawford</u>'s requirements, it was nevertheless harmless in view of the strength of the other evidence supporting Petitioner's conviction. <u>See</u> <u>United States v. Becker</u>, 502 F.3d 122, 130 (2d. Cir. 2007). Finally, Petitioner's objection that Judge Lindsay erroneously found that his ineffective assistance of counsel claim was partially procedurally barred is without merit. As Judge Lindsay properly found, the § 440.10 court denied Petitioner's claim that his trial counsel improperly failed to obtain telephone records and contact family members on an adequate and independent state law ground, thereby precluding him from raising this argument in a § 2254 petition. <u>See</u> Docket Entry 18, p. 22. In any event, Judge Lindsay correctly reasoned that this claim would also fail on the merits, because Petitioner failed to show that obtaining the records or contacting the family members

2

would have changed the outcome of the proceedings below. See Docket Entry 18, p. 24-25.

The remainder of Judge Lindsay's R&R is well-reasoned, comprehensive, and free of any error. It merits adoption, in its entirety, even with a de novo standard of review. Consequently, Petitioner's § 2254 petition is DENIED.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007).

The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 14, 2011
Central Islip, New York

3